NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000636
17-DEC-2019
07:54 AM**

NOS. CAAP-18-0000636, CAAP-18-0000637, & CAAP-18-0000638

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
MANUEL SANDOVAL, Defendant-Appellant

APPEALS FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NOS. 1PC141001782, 1PC151001156, AND 1PC161000563)


AMENDED MEMORANDUM OPINION
(By: Fujise, Presiding Judge, and Chan and Wadsworth, JJ.)

Manuel Sandoval (Sandoval) was on probation for
multiple violations of an injunction against harassment
(Injunction), when he again violated the Injunction by asking the
female complaining witness (CW1) to go out with him, shortly
before he struck and injured the male complaining witness (CW2).
After a bench trial, the Circuit Court of the First Circuit
(Circuit Court)[1] convicted Sandoval of Assault in the Second
Degree and violation of the Injunction, and sentenced him to a
total of six years of incarceration for the two offenses. The
Circuit Court also revoked Sandoval's probation for the earlier
multiple violations of the Injunction and resentenced him to a
total of 11 years of incarceration.  All sentences were to run
consecutively to each other and any other sentence he was
serving.

In these consolidated appeals, Sandoval appeals from
the Circuit Court's July 17, 2018:  (1) Order of Resentencing;
Revocation of Probation (Resentencing Order 1) in Criminal No.
1PC141001782 (Case 1); (2) Order of Resentencing; Revocation of

---

[1]     The Honorable Christine E. Kuriyama presided over all three
underlying cases.

Probation (Resentencing Order 2) in Criminal No. 1PC151001156 (Case 2); and (3) Judgment of Conviction and Sentence (Judgment) in Criminal No. 1PC161000563 (Case 3).

Sandoval contends that: (1) his no contest pleas in Cases 1 and 2 were not entered in a voluntary, knowing, and intelligent manner; (2) the Circuit Court failed to provide him with required advisements prior to resentencing in Cases 1 and 2; (3) the Circuit Court, in imposing consecutive sentences, failed to address relevant sentencing factors and impermissibly considered Sandoval's refusal to admit guilt as a sentencing factor; and (4) there was insufficient evidence in Case 3 to support a conviction for Assault in the Second Degree.

For the reasons discussed below, we affirm.

## I.    Procedural Background

The Injunction was filed in the District Court of the First Circuit in Civil No. 1SS13-1-1149 on November 14, 2013 and remained in effect for three years. It restrained Sandoval from, among other things, contacting CW1 or visiting her residence or workplace.

In Case 1, on May 18, 2015, Sandoval pled no contest to nine counts of Violating a Restraining Order or Injunction Against Harassment, in violation of HRS § 604-10.5(i) (Supp. 2013)[2] (Violating an Injunction) pursuant to a plea agreement. The Circuit Court sentenced Sandoval to one year of probation in

---

[2]         HRS § 604-10.5(i) provides, in relevant part,

(i)  A knowing or intentional violation of a restraining order or injunction issued pursuant to this section is a misdemeanor. The court shall sentence a violator to appropriate counseling and shall sentence a person convicted under this section as follows:

(1)    For a violation of an injunction or restraining order that occurs after a conviction for a violation of the same injunction or restraining order, the person shall be sentenced to a mandatory minimum jail sentence of not less than forty-eight hours; and

(2)    For any subsequent violation that occurs after a second conviction for violation of the same injunction or restraining order, the person shall be sentenced to a mandatory minimum jail sentence of not less than thirty days.

each count, to be served concurrently, and 180 days of jail with credit for time served. The Judgment of Conviction and Sentence was filed that same day, and no appeal was taken. On May 4, 2016, the State filed a motion to revoke Sandoval's probation in Case 1.

In Case 2, on March 21, 2016, Sandoval pled no contest to two counts of Violating an Injunction. The Circuit Court sentenced Sandoval to one year of probation and 100 days of jail in each count, running concurrently, with credit for time served. The Judgment of Conviction and Sentence was filed on March 21, 2016, and, again, no appeal was taken. On February 27, 2017, the State filed a motion to revoke Sandoval's probation in Case 2.

In Case 3, after a jury waived bench trial, Sandoval was found guilty of one count of Assault in the Second Degree, in violation of HRS § 707-711(1)(a), (1)(b) and/or (1)(d),[3] and one

---

[3] The Circuit Court concluded, in its May 21, 2018 Findings of Fact, Conclusions of Law and Order, that Sandoval violated HRS § 707-711(1)(a), (1)(b) and/or (1)(d). However, the Judgment, filed on July 17, 2018, refers only to HRS § 707-711(1)(a).

When Sandoval was charged in 2016, HRS § 707-711(1) (2014) provided, in relevant parts:

> (1)    A person commits the offense of assault in the second degree if:
>
> (a)    The person intentionally or knowingly causes substantial bodily injury to another;
>
> (b)    The person recklessly causes serious or substantial bodily injury to another;
>
> . . . .
>
> (d)    The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

HRS § 707-711(1) was later amended, effective July 1, 2016. The current version provides, in relevant parts:

> (1)    A person commits the offense of assault in the second degree if:
>
> (a)    The person intentionally, knowingly, or recklessly causes substantial bodily injury to another;
>
> (b)    The person recklessly causes serious bodily injury to another;

(continued...)

count of Violating an Injunction.

On July 17, 2018, the Circuit Court held a sentencing hearing in Case 3, and also heard the State's motions to revoke Sandoval's probation in Cases 1 and 2. Sandoval stipulated to the motions to revoke probation. The Circuit Court: (1) sentenced Sandoval to five years of incarceration for Assault in the Second Degree and one year of incarceration for Violating an Injunction in Case 3; (2) resentenced Sandoval to one year of incarceration in each of the nine counts of Violating an Injunction in Case 1; and (3) resentenced Sandoval to one year of incarceration in each of the two counts of Violating an Injunction in Case 2. The Circuit Court ordered that all sentences in the three cases be served consecutively to each other and any sentence Sandoval was then serving, with credit given for time served.

On August 16, 2018, Sandoval filed separate Notices of Appeal from: (1) the Judgment in Case 3 (CAAP-18-0000636); (2) Resentencing Order 1 in Case 1 (CAAP-18-0000638); and (3) Resentencing Order 2 in Case 2 (CAAP-18-0000637).

On November 5, 2018, this Court consolidated the three appeals under appellate case number CAAP-18-0000636.

## II. Discussion

### A. No Contest Pleas in Cases 1 and 2

In his first point of error, Sandoval asserts that his no contest pleas in Cases 1 and 2 were not entered in a voluntary, knowing, and intelligent manner. But Sandoval did not appeal from the underlying judgments in Cases 1 and 2. Rather, he appealed from a post-judgment order in each case — Resentencing Order 1 and Resentencing Order 2 (collectively, Resentencing Orders or Orders).

"A post-judgment order is appealable in its own right

_____

3/ (...continued)

. . . .

    (d)    The person intentionally or knowingly causes bodily injury to another with a dangerous instrument[.]

4

only if it meets the test of finality applicable to all judicial decisions." State v. Johnson, 96 Hawai'i 462, 469, 32 P.3d 106, 113 (App. 2001) (quoting Powers v. Ellis, 55 Haw. 414, 416, 520 P.2d 431, 433 (1974)) (internal quotation marks omitted). A final order is one that ends the proceedings while leaving nothing further to be accomplished. Id. We have noted that a criminal defendant may "appeal from [an] order that disposes of [a] motion for revocation of probation." Id. at 471, 32 P.3d at 115.

Because the Resentencing Orders ended the respective post-judgment probation revocation proceedings in Cases 1 and 2 and aggrieved Sandoval by sentencing him to imprisonment, and the Notices of Appeal from the Orders were timely filed, we have jurisdiction over the Orders. HRS § 641-11 (2016).[4/] But in reviewing post-judgment orders such as these, "this court will only consider other orders [that] were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Ins. Co., 79 Hawai'i 403, 409, 903 P.2d 708, 714 (App. 1995) (citing Weinberg v. Mauch, 78 Hawai'i 40, 46, 890 P.2d 277, 283 (1995)). Sandoval's no contest pleas in Cases 1 and 2 led to the judgments, not the post-judgment Resentencing Orders, in those cases. Because Sandoval failed to timely appeal from the judgments in Cases 1 and 2, we lack jurisdiction to consider the merits of his first point of error.

## B.    Advisements Prior to Resentencing

In his second point of error, Sandoval contends that the Circuit Court, in accepting his stipulation to the motions to revoke probation, failed to advise him of the maximum penalty provided by law and the impact consecutive sentences would have on any potential length of incarceration. Sandoval has waived

---

[4/]    HRS § 641-11 provides:

> **From Circuit Courts.** Any party aggrieved by the judgment of a circuit court in a criminal matter may appeal to the intermediate appellate court, subject to chapter 602, in the manner and within the time provided by the rules of court. The sentence of the court in a criminal case shall be the judgment. All appeals shall be filed with the clerk of the supreme court and shall be subject to one filing fee.

this point of error by failing to present a supporting argument. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."). Regardless, Sandoval cites no authority for the proposition that a defendant must be so advised when he stipulates to a motion to revoke probation, and we have found none.[5/] Cf. HRS § 706-625(5) (2014) ("When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.") Sandoval's second pont of error therefore fails.

### C.    Sentencing Factors

In his third point of error, Sandoval argues that the Circuit Court, in imposing consecutive sentences, failed to adequately address relevant statutory sentencing factors, failed to explain its rationale for each consecutive sentence, and improperly relied on Sandoval's refusal to admit guilt as a factor in sentencing. We disagree.

A sentencing judge "generally has broad discretion in imposing a sentence." State v. Mundon, 121 Hawai'i 339, 349, 219 P.3d 1126, 1136 (2009) (quoting State v. Kahapea, 111 Hawai'i 267, 278, 141 P.3d 440, 451 (2006)).

> The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse of discretion in its decision. Factors which indicate a plain and manifest abuse of discretion are arbitrary or capricious action by the judge and a rigid refusal to consider the defendant's contentions. And, generally, to constitute an abuse it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant.

---

[5/]    Moreover, the record reveals that when Sandoval stipulated to the motions to revoke probation, he had notice that consecutive sentences could be imposed. For example, in Cases 1 and 2: (1) Sandoval signed a No Contest Plea form acknowledging that the court could impose consecutive terms of imprisonment; (2) Sandoval's attorney certified that she fully explained the no contest plea form to Sandoval, believed he understood the document in its entirety, and believed his plea was "made voluntarily and with an intelligent understanding of the nature of the charge(s) and possible consequences"; and (3) Sandoval signed and acknowledged that he understood the Terms and Conditions of Probation, which stated that the court could revoke his probation and resentence him upon a violation of the terms and conditions of his probation. Cf. State v. Takemoto, CAAP-15-0000522 & CAAP-15-0000523, 2016 WL 6997662, at **4 (Haw. Ct. App. Nov. 30, 2016) (Mem.) (ruling that the defendant, who had signed similar forms, had received notice that he could be subject to consecutive sentences). The transcripts of Sandoval's change of plea hearings in Cases 1 and 2 also indicate that Sandoval understood the concept of consecutive sentences.

6

Mundon, 121 Hawai'i at 349, 219 P.3d at 1136 (quoting Kahapea, 111 Hawai'i at 278, 141 P.3d at 451).

A sentencing judge also has discretion to order multiple terms of imprisonment to run concurrently or consecutively. HRS § 706-668.5(1) (2014 & Supp. 2018).[6/] In making that determination, the court must consider the following factors:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed:
>
>> (a) To reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense;
>>
>> (b) To afford adequate deterrence to criminal conduct;
>>
>> (c) To protect the public from further crimes of the defendant; and
>>
>> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) The kinds of sentences available; and
>
> (4) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

HRS § 706-606 (2014). "The weight to be given the[se] factors . . . in imposing sentence is a matter generally left to the discretion of the sentencing court, taking into consideration the circumstances of each case." State v. Kong, 131 Hawai'i 94, 101, 315 P.3d 720, 727 (2013) (quoting State v. Akana, 10 Haw. App. 381, 386, 876 P.2d 1331, 1334 (1994)).

Although a sentencing court must state its reasons for

---

[6/]     HRS § 706-668.5 provides in relevant parts:

> (1) If multiple terms of imprisonment are imposed on a defendant, whether at the same time or at different times, or if a term of imprisonment is imposed on a defendant who is already subject to an unexpired term of imprisonment, the terms may run concurrently or consecutively. Multiple terms of imprisonment run concurrently unless the court orders or the statute mandates that the terms run consecutively.
>
> (2) The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider the factors set forth in section 706-606.

imposing a consecutive rather than a concurrent sentence, State v. Hussein, 122 Hawaiʻi 495, 509-10, 229 P.3d 313, 327-28 (2010), absent clear evidence to the contrary, we must assume that the sentencing court considered all of the HRS § 706-606 factors prior to imposing concurrent or consecutive terms, State v. Vellina, 106 Hawaiʻi 441, 449, 106 P.3d 364, 372 (2005) (quoting State v. Tauiliili, 96 Hawaiʻi 195, 199-200, 29 P.3d 914, 918-19 (2001)). The sentencing court is required to articulate its reasoning only with respect to the factors it relies on. State v. Smith, 106 Hawaiʻi 365, 379, 105 P.3d 242, 256 (App. 2004); see Kong, 131 Hawaiʻi at 102, 315 P.3d at 728.

Here, the record makes clear that the Circuit Court carefully considered the relevant HRS § 706-606 factors. After considering the State's detailed assessment of each factor, the Circuit Court explicitly stated that it had "looked at the sentencing factors set forth in Section 706-606 of the Hawaiʻi Revised Statutes and the factors to be considered in imposing a term of probation under Section 706-621. [The State] discussed each of these factors and I agree with [its] assessment." (Emphasis added). The Circuit Court also identified several concerns that related to the sentencing factors, including that Sandoval had repeatedly failed to comply with the terms of his probation (HRS § 706-606(2)(a)-(d)); showed escalating behavior (HRS § 706-606(1) and (2)(c)); made statements suggesting he would continue violating the Injunction (HRS § 706-606(1) and (2)(a)-(d)); and lacked insight into personal issues, blamed others for his circumstances, and posed a danger to others (HRS § 706-606(1) and (2)(c)). Indeed, the Circuit Court stated, "I am concerned about the Assault 2 incident. I'm very concerned about the TRO[1/] violations. And I'm very concerned **about [CW1's] safety and well being**." (Emphasis added.) The court concluded that a sentence of probation was not a viable option and that, for the reasons stated, the sentences in all three cases were to run consecutively (HRS § 706-606(3)).

The Circuit Court's reasoning also satisfied the

---

[1/] The Circuit Court appears to have referred to the Injunction as a "TRO."

requirements of <u>Hussein</u> for imposing consecutive sentences.
First, the Circuit Court's statements regarding, among other
things, Sandoval's repeated violations of the Injunction, his
escalating conduct, and his danger to others, identified the
specific facts or circumstances within the range of statutory
factors that the court considered. <u>Hussein</u>, 122 Hawai'i at 509,
229 P.3d at 327. Second, the Circuit Court's statements that it
was imposing consecutive sentences based on "the totality of
the[se] circumstances" demonstrated for Sandoval, the public, and
this court that the decision to impose consecutive sentences was
deliberate, rational, and fair.[8/] <u>Id.</u> Accordingly, the Circuit
Court did not abuse its discretion in imposing, and stating its
reasons for, consecutive sentences.

Sandoval contends that the Circuit Court's comments
during sentencing suggest that it improperly relied on his
refusal to admit guilt as a factor in imposing his sentences.
Despite devoting seven full pages of his Opening Brief to
extended quotations from the July 17, 2018 sentencing hearing,
Sandoval does not indicate specifically where in the record the
alleged error occurred and what parts of the record support his
argument. Thus, his Opening Brief does not comply with HRAP Rule
28(b)(4)[9/] and (7), and his argument fails on this ground alone.

---

[8/] Sandoval also argues that the Circuit Court "should have explained
its rationale for <u>each</u> consecutive sentence in order to inform the defendant
and appellate courts of the specific factors underlying <u>each</u> sentence."
Neither <u>Hussein</u> nor <u>Kong</u> imposes such a requirement on the sentencing court.

[9/] HRAP Rule 28(b) provides, in relevant parts:

> **(b)  Opening brief**. Within 40 days after the filing of
> the record on appeal, the appellant shall file an opening
> brief, containing the following sections in the order here
> indicated:
>
> . . . .
>
>      (4)  A concise statement of the points of error
> set forth in separately numbered paragraphs. Each
> point shall state: (i) the alleged error committed by
> the court or agency; (ii) where in the record the
> alleged error occurred; and (iii) where in the record
> the alleged error was objected to or the manner in
> which the alleged error was brought to the attention
> of the court or agency. Where applicable, each point
> shall also include the following:

(continued...)

Nevertheless, we have reviewed the sentencing hearing transcript and the relevant authorities and can find no support for Sandoval's argument. In <u>State v. Kamana'o</u>, 103 Hawai'i 315, 82 P.3d 401 (2003), the Hawai'i Supreme Court adopted the following three-part test for determining whether a sentencing court has relied on a defendant's refusal to admit guilt in imposing a sentence: "(1) the defendant's maintenance of innocence after conviction, (2) the judge's attempt to get the defendant to admit guilt, and (3) the appearance that, had the defendant affirmatively admitted guilt, his sentence would not have been so severe[.]" <u>Id.</u> at 323, 82 P.3d at 409 (original brackets omitted) (quoting <u>People v. Wesley</u>, 411 N.W.2d 159, 162 (Mich. 1987)).

As discussed above, during sentencing, the Circuit Court expressed concerns about Sandoval's repeated violations of the terms of his probation, the indications he would continue violating the Injunction, his escalating behavior, his lack of insight into personal issues, and his danger to others. The record simply does not support Sandoval's conclusion that the Circuit Court attempted to get him to admit guilt or that, if he had admitted guilt, his sentence "would not have been so severe."

---

9/ (...continued)

        (A) when the point involves the admission or rejection of evidence, a quotation of the grounds urged for the objection and the full substance of the evidence admitted or rejected;

        (B) when the point involves a jury instruction, a quotation of the instruction, given, refused, or modified, together with the objection urged at the trial;

        (C) when the point involves a finding or conclusion of the court or agency, either a quotation of the finding or conclusion urged as error or reference to appended findings and conclusions;

        (D) when the point involves a ruling upon the report of a master, a quotation of the objection to the report.

        Points not presented in accordance with this section will be disregarded, except that the appellate court, at its option, may notice a plain error not presented. Lengthy parts of the transcripts that are material to the points presented may be included in the appendix instead of being quoted in the point.

103 Hawai‘i at 323, 82 P.3d at 409.  Under these circumstances, we find no error by the Circuit Court.

### D.    Sufficiency of the Evidence

In his fourth point of error, Sandoval contends that there was insufficient evidence to support his conviction for Assault in the Second Degree, because he did not use a weapon to injure CW2 and because he acted in self-defense.  Again, we disagree.

When reviewing the sufficiency of evidence on appeal, we apply the following deferential standard of review:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Kalaola, 124 Hawai‘i 43, 49, 237 P.3d 1109, 1115 (2010) (brackets in original) (quoting State v. Richie, 88 Hawai‘i 19, 33, 960 P.2d 1227, 1241 (1998)).  "'Substantial evidence' . . . is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Kalaola, 124 Hawai‘i at 49, 237 P.3d at 1115 (quoting Richie, 88 Hawai‘i at 33, 960 P.2d at 1241).

Sandoval was convicted of violating HRS § 707-711(1)(a), which at the time he was charged (see supra note 4), proscribed intentionally or knowingly "caus[ing] substantial bodily injury to another[.]"  HRS § 707-711(1)(a) (2014).  Substantial bodily injury was (and still is) defined, in relevant part, as "bodily injury which causes . . . [a] major avulsion, laceration, or penetration of the skin[.]"  Id.

The State produced sufficient evidence to support Sandoval's conviction under HRS § 707-711(1)(a).  CW2 and two additional witnesses testified that on the night of the incident, Sandoval approached CW2 and struck him in the face.  One of the additional witnesses testified that he also "clearly saw" Sandoval use a knife to cut CW2 across his left cheek, and another witness testified that he observed Sandoval holding a knife during the incident.  Sandoval denied using a knife to hit

CW2, but admitted wearing a ring with studs in the shape of a horse.

The evidence further shows that CW2 sustained substantial bodily injuries during the incident, including one laceration on his left cheek and another on the right side of his face above his upper lip, both of which required multiple stitches.

We will not disturb the Circuit Court's finding that the State's witnesses were credible and their testimony was credible and reliable. See State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (quoting State v. Stoker, 90 Hawai'i 85, 90, 976 P.2d 399, 404 (1999)). Considering the evidence in the strongest light for the prosecution, we conclude there was sufficient evidence to negate Sandoval's claim of self-defense and to support his conviction for assault in the second degree.

## III. Conclusion

We affirm the Resentencing Orders in Cases 1 and 2 and the Judgment in Case 3.

DATED: Honolulu, Hawai'i, December 17, 2019.

On the briefs:

Walter J. Rodby
    for Defendant-Appellant.

Chad Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
    for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge